505new(8/18)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

F I L E D

4/17/19

Clerk, U.S. Bankruptcy Court
Western District of Missouri

In Re: Luke Aaron Person (BELOW MED)

Debtor(s)

Case No.: 19−40448−drd13

## ORDER CONFIRMING CHAPTER 13 PLAN

The court finds that each of the debtor and the Chapter 13 plan complies with all applicable requirements of 11 U.S.C.§ § 1325(a) and (b). It is therefore
    ORDERED, ADJUDGED and DECREED:
1.    The plan is confirmed.
2.    The debtor or any entity from which the debtor receives income shall pay to the trustee according to the terms of the plan which shall not exceed 5 years. Payments shall continue until further order of this court. The trustee may cause a wage order to be issued to the debtor's employer. 11 U.S.C. 1322(a)(1), 1322(d), and 1325(c). Local Rule 3083−1(F)(1).
3.    Payments to all creditors shall be made according to the terms of the plan, Local Rules of this Court, the trustee's notice to allow claims, the trustee's notice to allow additional or amended claims, and further orders of the court. The trustee shall only make payments to creditors with filed and allowed claims. 11 U.S.C. 1326(c), Local Rule 3084−1 and Local Rule 3085−1.
4.    Priority claimants shall be paid in full pursuant to 11 U.S.C. 1322(a)(2).
5.    The trustee shall be paid in full pursuant to 11 U.S.C. 503(b), 1326(b)(2) and 28 U.S.C. 586(e)(1)(A) and (B).
6.    The debtor shall report to the standing trustee any events affecting disposable income, including but not limited to: tax refunds, inheritances, prizes, lawsuits, gifts, etc., which are recevied or receivable during the pendency of the case.
7.    The debtor shall not incur any additional debts while this case is open without prior approval of the court except those which may be necessary in an emergency for the protection and preservation of life, health, or property. The trustee may grant borrowing requests pursuant to Local Rule 3088−1.
8.    Until the case is closed, the debtor is enjoined and prohibited from selling, encumbering, or in any manner disposing of assets without the prior order of the court except as may be required in the course of the debtor's business if the debtor is engaged in business. The debtor may, without court order, sell unencumbered property which has not had a lien avoided as part of this proceeding with a fair market value less than $3,500.00 so long as, within 10 days of the sale, the debtor files with the court an accounting of said sale.
9.    Title to the property of the estate vests in the debtor(s) or as specified in the plan. 11 U.S.C. 1327(b).
10.    Confirmed plans may be amended pursuant to 11 U.S.C. 1329 and may be amended to comply with 11 U.S.C. 1322(d).
11.    Funds paid into the trustee's office in a confirmed plan prior to the case being dismissed shall be distributed pursuant to the confirmed plan and this confirmation order.
12.    If the Plan included requests within Parts 3.2, 3.6, 3.7, or 6, the following paragraph(s) apply.

**The debtor requested in the plan that the Court determine the amount of one or more secured claim(s) as set forth in Part 3.2 of the plan. Based on the record, the Court determines the amount of each such secured claim is as set forth in Part 3.2 of the plan.**

**The debtor elected to surrender the collateral as set forth in Part 3.6 of the plan. At the debtor's request, upon entry of this Order (a) the stay under 11 U.S.C. Section 362(a) is terminated with respect to the surrendered collateral only and (b) the stay under 11 U.S.C. Section 1301 is terminated in all respects for any debt associated with the surrendered collateral.**

Dated: 4/17/19

/s/  Dennis R. Dow
UNITED STATES BANKRUPTCY JUDGE